**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Hong Lu (SBN 280219)
hong.lu@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800

Minyao Wang (*pro hac vice* forthcoming)
minyao.wang@lewisbrisbois.com
77 Water Street
Suite 2100
New York, NY 10005
Tel: (212) 232-1300

*Attorneys for Petitioner Weijie Xu*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Weijie Xu , an individual,<br><br>Petitioner,<br><br>v.<br><br>Ganfeng Lai, an individual, and<br>Jintao Jiang, an individual.<br><br>Respondents. | CASE NO.<br><br>**WEIJIE XU'S PETITION FOR CONFIRMATION, RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRATION AWARD** |

PETITION FOR CONFIRMATION, RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRATION AWARD

Pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or the "Convention"), codified in Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq.*, Weijie Xu ("Mr. Xu" or the "Petitioner") respectfully seeks confirmation, recognition, and enforcement of an arbitration award (the "Award")[1] dated August 16, 2019, and entered in Mr. Xu's favor by the Shenzhen Arbitration Commission (the "Arbitration Court") located in Shenzhen City, Guangdong Province, the People's Republic of China, against Ganfeng Lai ("Mr. Lai") and Jintao Jiang ("Ms. Jiang" and together with Mr. Lai, the "Respondents"), two Chinese nationals who have fled to the United States following entry of the Award to evade paying Mr. Xu other Chinese creditors.  In support of this Petition, Mr. Xu respectfully states as follows:

## THE PARTIES

1.      The Petitioner, Mr. Xu, is a natural person who is a citizen of the People's Republic of China.  Mr. Xu resides in Shenzhen City, Guangdong Province, China.

2.      Mr. Lai is a natural person who is a citizen of the People's Republic of China.  He originally lived in Guangzhou City, Guangdong Province, China.  The Petitioner is informed and believes, and on that basis, alleges that Mr. Lai is currently residing in the Central District of California.

3.      Ms. Jiang is a natural person who is a citizen of the People's Republic of China.  She originally lived in Guangzhou City, Guangdong Province, China.  The Petitioner is informed and believes, and on that basis, alleges that Ms. Jiang is currently residing in the Central District of California.

---

[1] A true and correct copy of the Award, along with a certified English translation, is attached as **Exhibit 1** to the Declaration of Minyao Wang (the "Wang Declaration"), filed concurrently herewith.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction under 9 U.S.C. § 203, which provides that a federal district court has "original jurisdiction" over an "action or proceeding falling under the Convention."  This proceeding falls under the New York Convention because the Award was made in China, a party to the New York Convention, and because it concerns a commercial relationship between foreign nationals (Mr. Xu and both Respondents are Chinese nationals). *See* 9 U.S.C. § 202 (describing the scope of the New York Convention as implemented by the United States).

5.      This Court also has subject-matter jurisdiction over this proceeding under 28 U.S.C. § 1331 because this is a "civil action[] arising under the . . . laws, or treaties of the United States."

6.      The Court has personal jurisdiction over both Respondents, because, upon information and belief, both Mr. Lai and Ms. Jiang have left China and currently reside in the Central District of California.

7.      Venue is proper in this Court under 9 U.S.C. § 204 and 28 U.S.C. § 1391(b)(1), due to the fact that this is a proceeding arising under the New York Convention, and the Respondents, upon information and belief, reside in this District.

## STATEMENT OF FACTS

### I.      THE PARTIES SIGN CONTRACTUAL AGREEMENTS

8.      On or about January 31, 2018, Mr. Xu and Guangdong Hengrun Huxing Asset Management Co., Ltd. (the "Borrower") entered into a loan agreement (the "Loan Agreement") pursuant to which Mr. Xu, as lender, agreed to loan RMB 50,000,000.00 (the "Loan")[2] to the Borrower at a monthly interest rate of 2%.  The Loan would mature 3 months from the date Petitioner disbursed the loan principal

---

[2] This amount is approximately $6.9 million USD.  One USD is worth about 7.2 RMB.

to the Borrower.  A true and correct copy of the Loan Agreement, along with a certified English translation, is attached to the Wang Declaration as **Exhibit 2**.

9.  Pursuant to the terms of the Loan Agreement, the Borrower was required pay three months of interest (RMB 3,000,000) immediately upon disbursement of the Loan.  The Loan principal was due upon the maturity of the Loan.

10.  The Loan Agreement provided that any dispute between the parties that could not be addressed successfully through negotiations must be resolved in one of two ways: (i) arbitration through the Shenzhen Arbitration Commission, or (ii) civil litigation in a particular district court located in Shenzhen, China.

11.  Chapter IV of the Loan Agreement contemplated that the Loan may be guaranteed on a joint and several liability basis by other guarantors.  In order to further protect his rights as the lender under the Loan Agreement, Petitioner required Mr. Lai and Ms. Jiang (and ten other corporate entities and one other natural person) to each sign an absolute and unconditional guarantee of payments of the Borrower's obligations under the Loan Agreement on a joint and several liability basis.

12.  Accordingly, Mr. Lai and Ms. Jiang each signed a guarantee letter (together the "Guarantee Letters"), dated January 31, 2018 (the same date the Loan Agreement was signed).  Specifically, Mr. Lai and Ms. Jiang each placed his/her signature, his/her thumbprint and his/her Chinese national identification number on the respective Guarantee Letter.  True and correct copies of the Guarantee Letters, along with certified English translations, are attached to the Wang Declaration as **Exhibit 3** and **Exhibit 4**.

13.  By signing the respective Guarantee Letter, Mr. Lai and Ms. Jiang each agreed to "a joint liability guarantee" of the Borrower's obligations under the Loan Agreement.  Mr. Lai and Ms. Jiang agreed that his/her guarantee obligations are binding regardless of the presence of any other guarantors and regardless of whether

Mr. Xu is able to pursue other guarantors for payment.

14.     Pursuant to the Guarantee Letters, Mr. Lai and Ms. Jiang "voluntarily agree[s] to assume responsibility for the guarantee within the scope of guarantee, and he [or she] waive[s] any defenses arising from the existence of other forms of guarantee."

15.     According to the Guarantee Letters, if the Borrower does not repay the Loan, each guarantor is liable to Mr. Xu for "all expenses and losses" sustained by Mr. Xu, in addition to the principal Loan amount, including, "all interests, overdue interests, penalty interests, liquidated damages, damages, and litigation fees, property preservation fees, property preservation guarantee fees, lawyer fees, travel expenses, appraisal fees, auction fees, execution fees and the like."

16.     Under the Guarantee Letters, Mr. Lai and Ms. Jiang also agreed to be bound by the dispute resolution provision of the Loan Agreement.

## II.     THE BORROWER AND GUARANTORS DEFAULT

17.     In accordance with the Loan Agreement, Mr. Xu disbursed RMB 50,000,000.00 to the Borrower on or about February 5, 2018.

18.     As discussed, the term of the Loan was for three months, and the Loan accordingly matured in early May 2018.

19.     The Borrower did not repay the Loan principal and other obligations due under the Loan Agreement upon the Loan's maturity, as the Loan Agreement expressly required.

20.     Mr. Xu made multiple demands on the Borrower, the Respondents and the other guarantors for payment.  He also attempted to work out an amicable resolution with them that would resolve the dispute without litigation. But these efforts failed.

## III.     MR. XU COMMENCES THE ARBITRATION

21.     Accordingly, pursuant to the arbitration provisions of the Loan

Agreement, Mr. Xu commenced in September 2018 an arbitration proceeding (the "Arbitration") before the Arbitration Court against the Borrower, the Respondents and the other guarantors.

22. The Arbitration was governed by Arbitration Rules of Shenzhen Arbitration Commission (Effective May 1, 2011) (the "Rules").

23. In accordance with the Rules, the Arbitration Court issued notices of the arbitration to all 14 respondents, including to Mr. Lai and Ms. Jiang.

24. Twelve of the fourteen respondents, including Mr. Lai, appeared in the and participated in the Arbitration through counsel. Ms. Jiang and one other respondent (a guarantor for the Loan) did not appear. The Arbitration Court determined that their absences were unexcused and proceeded with its default procedures against Ms. Jiang and the other absent respondent.

25. A three-person arbitration tribunal was formed on or about December 29, 2018, pursuant to the Rules. In accordance with the Rules, Mr. Xu chose Liao Weimian as an arbitrator of for the Arbitration. Because respondents to the Arbitration did not select an arbitrator, the Chairman of the Arbitration Court selected, in accordance with the Rules, Mao Lijun and Jiang Xiaodan (not related to Respondent Jiang) as additional arbitrators. In addition, Arbitrator Jiang was designated as the chief arbitrator of the Arbitration.

26. The Arbitration Court conducted a hearing on May 14, 2019. All parties (including the Borrower and Mr. Lai), with the exception of Ms. Jiang and another respondent, were present at the hearing through counsel. Both Mr. Xu, the Borrower and Mr. Lai (along with other respondents who attended the hearing through counsel) were able to present their positions through counsel. The respondents to the Arbitration, including Mr. Lai, were able to cross-examine Mr. Xu's evidence. All the parties present at the hearing, including Mr. Lai, answered questions posed by the Arbitration tribunal and made closing statements in support

of their positions.

27.    The Arbitration tribunal determined that Ms. Jiang's absence at the hearing was without justification, and they elected to conduct the hearing against her by default under the Rules.

## IV.    MR. XU WINS THE AWARD AND BEGINS ENFORCEMENT PROCEEDING IN CHINA

28.    On August 16, 2019, the Arbitration Court rendered the Award.  A true and correct copy of the Award, along with a certified English translation, is attached to the Wang Declaration as **Exhibit 1**.

29.    The Award determined that the Loan Agreement and the Guarantee Letters signed by Mr. Lai and Ms. Jiang are valid and enforceable contracts under Chinese law.

30.    The Award rejected the defense of Mr. Lai that Mr. Xu had no standing to enforce the Loan Agreement.

31.    The Award further determined that after applying Chinese law against pre-deduction of loan interest, the "true" principal loaned to the Borrower under the Loan Agreement was RMB 45,050,000.  The Award further determined that the Borrower already repaid RMB 9,500,000 toward the Loan, which can be used to satisfy the interest due on the Loan Agreement.

32.    The Award further determined that a monthly interest rate of 2% for the Loan was consistent with Chinese law.

33.    The Award provided that the Borrower is liable to Mr. Xu for (i) principal Loan amount of RMB 45,050,000, (ii) past due interest of RMB 5,550, (iii) interest on this principal amount at the annual rate of 24% from September 6, 2018, until paid, and (iv) the property preservation fee of RMB 15,000 and the property preservation guarantee fee and insurance premium of RMB 127,397.57.

34.    The Award further provided that Mr. Lai and Ms. Jiang, as guarantors

of the Loan obligations, are jointly and severally liable for the debt set forth in the immediately preceding paragraph.

35.    The Award further provided that Mr. Lai and Ms. Jiang, along with all other respondents to the Arbitration, shall reimburse Mr. Xu for the Arbitration costs in the total amount of RMB 295,730.

36.    The Award ordered all respondents to the Arbitration, including Mr. Lai and Ms. Jiang, to pay the aforementioned amounts due and owing to Mr. Xu (as set forth in paragraphs 33-35) within 15 (fifteen) days of the entry of the Award.

37.    The respondents under the Award failed to voluntarily pay the amount due under the Award within the deadline.  Mr. Xu therefore invoked domestic Chinese law to recognize and enforce the Award.

38.    A Chinese court of competent jurisdiction recognized the Award on or about December 12, 2019.

39.    Further enforcement rulings were issued by the Chinese court on March 9, 2020, and August 6, 2020.

40.    As a result of his enforcement efforts in China, Mr. Xu received two partial payments in satisfaction of the Award: (i) an enforcement payment of RMB 7,210,863.62 was received on January 6, 2022 (inclusive of preservation fees, arbitration fees, and interest), and (ii) an additional enforcement payment of RMB 9,922,600 was received on March 24, 2022.  In other words, Mr. Xu has received in total RMB 17,133,463.62 in partial payment for the Award.

41.    To date, no additional payment of the obligations due under the Award was received by Mr. Xu, even though Mr. Xu has continued his enforcement efforts in China.

42.    Mr. Xu recently discovered that Mr. Lai and Ms. Jiang have absconded to the United States to evade paying this Award and other debt they owe to other Chinese creditors.

## COUNT I

### (CONFIRMATION, RECOGNITION AND ENFORCEMENT OF ARBITRATION AWARD UNDER THE NEW YORK CONVENTION, 9 §§ 201 ET SEQ., AGAINST RESPONDENT GANFENG LAI AND JINTAO JIANG)

43. Mr. Xu repeats, reaffirms, and incorporates by reference each and every preceding paragraph above as if fully set forth herein.

44. Both the United States and the People's Republic of China are parties to the New York Convention.

45. The Award is governed by the New York Convention because the Award arises out of a commercial contract dispute between Mr. Xu and the Respondents, all of whom are citizens of the People's Republic of China, and because of the Award was rendered in China, a party to the Convention.

46. Petitioner has provided the Court with copies and English translations of the Award, Loan Agreement, and the Guarantee Letters, attached as **Exhibits 1, 2, 3** and **4**, respectively, to the Wang Declaration, concurrently filed herewith.

47. Except for the two partial payments describe above, the Award has not been paid and remains outstanding.

48. No court in China has vacated or annulled the Award under Chinese law. To the contrary, as noted, the Chinese court system has recognized and has been actively enforcing the Award in favor of Mr. Xu.

49. This Petition is timely because the statute of limitation set forth under 9 U.S.C. § 207 was tolled on account of Mr. Xu's diligent enforcement efforts in China and on account of the flight of Mr. Lai and Ms. Jiang, both being natives and citizens of China, to the United States to avoid paying their debt (including the Award), which Mr. Xu only recently discovered.

50. No grounds for refusal or deferral of recognition or enforcement of the

Award otherwise exist. (9 U.S.C. § 207.)

51. Petitioner has therefore satisfied the New York Convention's requirements for confirmation, recognition, and enforcement of a foreign arbitration award.

52. Accordingly, Mr. Xu respectfully requests that the Court confirm, recognize and enforce the Award by entering judgment in his favor and against the Respondents Ganfeng Lai and Jintao Jiang in the amount of the Award (subject to an offset for the two partial payments discussed herein), plus accrued pre-award interest and post-award interest, pre-judgment interest and post-judgment interest as permitted by applicable law, in addition to the reasonable legal fees and costs of this instant confirmation proceeding.

**WHEREFORE**, Mr. Xu prays for judgment and relief against Respondents Ganfeng Lai and Jintao Jiang as follows:

(a) for an order confirming and recognizing the Award in its entirety;

(b) for entry of judgment in conformity with the Award in favor of Mr. Xu and against Ganfeng Lai and Jintao Jiang (subject to a credit for the two payments already made as a result of Chinese enforcement efforts);

(c) for pre-award and post-award interest as provided in the Award;

(d) for pre-judgment interest and post-judgment interest as permitted by applicable law;

(e) for reasonable costs incurred in bringing this petition, including reasonable attorney's fees; and

(f) for such other relief as the Court may deem just, proper or equitable in the interest of justice.

Date: March 24, 2025     **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Hong Lu*
Hong Lu (SBN 280219)

146401780.2 - 9 -

hong.lu@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800

Minyao Wang (*pro hac vice* forthcoming)
minyao.wang@lewisbrisbois.com
77 Water Street
Suite 2100
New York, NY 10005
Tel: (212) 232-1300

*Attorneys for Petitioner Weijie Xu*

PETITION FOR CONFIRMATION, RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRATION AWARD