Bin Li, Esq. SBN 223126
LAW OFFICES OF BIN LI, PLC
730 N Diamond Bar Blvd,
Diamond Bar, CA 91765
Telephone: 909.861.6880
Facsimile: 909.861.8820
info@libinlaw.com

Christian Kernkamp (CA Bar No. 314928)
KERNKAMP LAW, APC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: (213) 214-3030
Facsimile: (213) 433-3595
ck@kernkamplaw.com

Attorneys for Sino Fortune Group LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Weijie Xu, an individual,<br><br>Plaintiff,<br><br>V.<br><br>Ganfeng Lai, an individual, Jintao Jiang, an individual, and Sino Fortune Group LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:25-cv-02587-M RA-SSC<br><br>Hon. Monica Ramirez Almadani<br><br>**DEFENDANT SINO FORTUNE GROUP LLC S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hearing Date: December 8, 2025<br>Time: 1:30 p.m.<br>Location: 9B |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL:

PLEASE TAKE NOTICE THAT on December 8, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Monica Ramirez Almadani, in Courtroom 9B of the United States Courthouse for the Central District of California, Southern Division, located at 411 West 4th Street, Room 1053 Santa Ana, CA 92701-4516, Defendant Sino Fortune Group LLC ("Defendant") will and does hereby move to dismiss the First Amended Complaint filed by Plaintiff Weijie Xu ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and lack of Article III standing. The grounds for the motion are as follows:

1. Plaintiff fails to state its fourth claim for constructive fraudulent conveyance against Defendant;
2. Plaintiff fails to state its fifth claim for actual fraudulent conveyance against Defendant;
3. Plaintiff lacks standing;
4. Plaintiff's complaint is time barred and procedurally defective;
5. Plaintiff fails to state a claim for punitive damages.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on October 3, 2025.

DATED: October 10, 2025 KERNKAMP LAW APC

By: */s/ Christian Kernkamp*
Christian Kernkamp
Attorneys for Defendant Sino Fortune Group LLC

DATED: October 10, 2025 LAW OFFICES OF BIN LI, PLC

By: */s/ Bin Li*
Bin Li
Attorneys for Defendant Sino Fortune Group LLC

# TABLE OF CONTENTS


I. INTRODUCTION AND STATEMENT OF FACTS ..................................... 7

II. LEGAL STANDARD ..................................... 10

III. ARGUMENT ..................................... 10

A. PLAINTIFF FAILS TO STATE ITS FOUTH AND FIFTH CLAIMS FOR CONSTRUCTIVE AND ACTUAL FRAUD AGAINST DEFENDANT SINO ..................................... 10

B. PLAINTIFF LACKS STANDING ..................................... 13

C. PLAINTIFF'S FIRST AMENDED COMPLAINT IS TIME BARRED AND PROCEDURALLY DEFECTIVE ..................................... 13

D. PLAINTIFF FAILS TO STATE A CLAIM FOR PUNITIVE DAMAGES ..................................... 18

IV. CONCLUSION ..................................... 19

# TABLE OF AUTHORITIES

## CASES

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) .................... 18

*BCB Holdings Ltd. v Gov't of Belize*, 110 F. Supp. 3d 233, 242 (D.D.C. 2015) ...... 15

*Benchmark Elecs. v. J.M. Huber Corp.* (2013) 343 F.3d 719 .................................. 11

*Davidson v. Sprout Foods*, 106 F.4th 842, 853 (9th Cir. 2024) ................................ 11

*Everplay Installation Inc. v. Guindon,* 471 Fed.Appx. 812, (10th Cir. 2012) .......... 15

*Holland v. Florida*, 560 U.S. 631, 649 (2010) ......................................................... 15

*In re SCI Real Estate Investments, LLC*, No. 2:11–BK–15975–PC, 2013 WL 1829648 (Bankr.C.D.Cal. May 1, 2013) .......................................................... 10

*In re Spielbauer*, No. 17-cv-03071-BLF, 2018 WL 1306274, at 6 (N.D. Cal. Mar. 13, 2018) .................................................................................................. 18

*In re Tomkow*, 563 B.R. 716, 729 (9th Cir. BAP 2017) ........................................... 18

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 ..................................... 9

*Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d 1152, 1157–60 (9th Cir. 2016) ............................................................................................... 14, 16

*Opperman v. Path, Inc.*, 87 F.Supp.3d 1018, 1066 (N.D.Cal. May 14, 2014).......... 11

*PT Rahajasa Media Internet v. Telecomm. & Informatics Fin. Provider & Mgmt. Ctr.*, No. 20-cv-11035, 2022 WL 970541 (S.D.N.Y. Mar. 31, 2022) .................. 15

*Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) ................................................ 15

*Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010)............. 13

*Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580-81 (2d Cir. 1993) ..................... 14

*Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) ..................... 9

*Somers v. Apple, Inc.*, 729 F.3d 953 ..................... 9, 17

*Terpin v. AT And T Mobility LLC*, 118 F.4th 1102 (9th Cir. 2024) ..................... 18

*Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106–07 (9th Cir.2003)................ 10

*Wolkowitz v. Beverly (In re Beverly)*, 374 B.R. 221, 235 (9th Cir. BAP2007)......... 11

*Yaesu Elecs. Corp. v. Tamura*, 28 Cal. App. 4th 8, 13 (1994)..................... 16

**STATUTES**

Cal. Civ. Code § 3439.04..................... 10

**OTHER AUTHORITIES**

Local Rule 7-3 ..................... 2

**RULES**

Fed. R. Civ. P. 12(b)(6) ..................... 9

Fed. R. Civ. P. 9(b)..................... 10

# I. INTRODUCTION AND STATEMENT OF FACTS

According to Plaintiff Weijie Xu's ("Plaintiff" or "Xu") allegations, this action arises from a dispute regarding a purported written loan agreement executed in China on January 31, 2018, wherein Plaintiff agreed to lend RMB 50,000,000.00 to Guangdong Hengrun Huxing Asset Management Co., Ltd. ("Borrower") at an interest rate of 2% per month for a term of three months, (FAC ¶ 11.) Plaintiff alleges Defendants Jintao Jiang ("J. Jiang") and Lai Ganfeng ("G. Lai") signed letters of guarantee on the loan. (FAC ¶ 15.)

However, Plaintiff intentionally concealed the fact that the loan was obtained from a bridge loan company called Shenzhen Zhaobangji Microloan Co. Ltd. ("Zhaobangji") and Xu has never engaged in the negotiation, execution and transfer of the loan. Even the demand letter for the return of the loan was NOT from Plaintiff, instead it was from Zhaobangji. A true and correct copy of the demand letter is attached Exhibit A. Xu is a mere strawman for the bridge loan company.

Plaintiff further alleges that after three months, the loan reached maturity at which point the Borrower, and numerous guarantors, including J. Jiang and G. Lai, failed to repay the debt after demand was made. (FAC ¶ 22.) Thereafter, the dispute was arbitrated in China on May 14, 2019, after which a three-person panel issued an award in favor of Plaintiff. (FAC ¶¶ 29, 31.) Plaintiff alleges the award to be in the principal amount of RMB 45,050,000, (ii) past due interest of RMB 5,550, (iii) interest on this principal amount at the annual rate of 24% from September 6, 2018,

until paid, and (iv) the property preservation fee of RMB 15,000 and the property preservation guarantee fee and insurance premium of RMB 127,397.57. (FAC ¶ 36.) Plaintiff alleges receiving total payments on the loan of RMB 19,133,464 to date. (FAC ¶ 45.) Again, Plaintiff concealed the fact that Plaintiff Xu himself did not appear at the arbitration, and deprived Defendants the right to cross exam him, and violated Defendants' due process right. Plaintiff alleges in Paragraph 29 of the complaint that,

> "… The respondents to the Arbitration, including Mr. Lai, were able to cross-examine Mr. Xu's **Evidence**. All the parties present at the hearing, including Mr. Lai, answered questions posed by the Arbitration tribunal and made closing statements in support of their positions."

However, it is clear that Plaintiff did not even attend the arbitration himself. Only his lawyer was present. Besides, Plaintiff fails to state the fact that Plaintiff has received payments from the individual defendants totaling more than RMB 33,714,004.49. The remaining balance is only RMB 16,285,995.51 equivalent to about $2.3 million.

Plaintiff alleges Defendants J. Jiang and G. Lai fled China to evade the debt, ultimately landing here in the Central District where they purchased the property located at 964 Fallen Leaf Road, Arcadia, CA 91006 (the "Property"). (FAC ¶¶ 47-48.) Plaintiff further alleges that J. Jiang transferred the Property to Defendant Sino

Fortune Group LLC ("Sino"), on April 8, 2024, in an attempt to evade collection. (FAC ¶ 49.). The truth is that Jiang and Lai are Chinese citizens and have been residing in China since before the loan was made and never left. Lai has not been in the US since 2018, as confirmed by United States Customs and Border Patrol records showing no entry since that time. Jiang only came to the United States three times for a total of less than three months since 2018. True and correct copies of the USCBP website of the two parties' entry/departure records are attached as Exhibit B. Plaintiff also omitted the fact that Defendant Sino Fortune acquired the Property on or about December 14, 2017, before the loan agreement was signed and the loan amount was disbursed on January 30, 2018. See Exhibit A to Request for Judicial Notice.

Furthermore, while Sino did transfer the Property to J. Jiang in April 2024, that transfer was for financing purposes, and the Property was transferred back to Sino in under 30 days. Thus, there was no grand conspiracy to evade collection, the Jiangs did not flee to the United States, they do not even reside at the Property as evidenced by Plaintiff's inability to serve them there. There is also no indication that the alleged debtors were left insolvent or unable to pay due to this brief transfer of the Property.

Now, Sino brings the instant motion to dismiss the claims of fraud against it as insufficiently pleaded. In the aforementioned obvious and fatal omissions from the timeline of events, Plaintiff's FAC contains other defects, including that it was

filed nearly 6 years after the award was issued—well beyond the 3-year limit in appearing in 9 U.S.C. § 207. The petition also lacks a certified translation as required by Article IV(2) of the New York Convention and no facts are alleged to support any claim for punitive damages.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint where it "fail[s] to state a claim upon which relief can be granted." "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). On a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) ("*Seven Arts*").

## III. ARGUMENT.

### A. PLAINTIFF FAILS TO STATE ITS FOUTH AND FIFTH CLAIMS FOR CONSTRUCTIVE AND ACTUAL FRAUD AGAINST DEFENDANT SINO

A transfer may be voided for constructive fraud under California Civil Code §

3439.04(a)(2) where the debtor made the transfer:

> **Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:**
> **(A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.**
> **(B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.**

Cal. Civ. Code § 3439.04(a)(2); see also CACI No. 4202.

A transfer may be voided for actual fraud under California Civil Code § 3439.04(a)(1) where the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ. Code § 3439.04(a)(1). In determining actual intent, a court may consider any of a multitude of factors, including whether the debtor was insolvent or became insolvent, whether the transfer occurred shortly before or after the debt was incurred, and whether the debtor removed or concealed assets. Cal. Civ. Code § 3439.04(b).

To establish an actual fraudulent transfer claim under Civil Code § 3439.04(a)(1), a plaintiff must meet the heightened standards mandated by Rule 9(b) of the Federal Rules of Civil Procedure, which requires a plaintiff to plead with particularity the circumstances surrounding the alleged fraud or mistake. Fed. R. Civ. P. 9(b); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106–07 (9th Cir.2003); *In re SCI Real Estate Investments, LLC*, No. 2:11–BK–15975–PC, 2013

WL 1829648 (Bankr.C.D.Cal. May 1, 2013). Thus, a plaintiff must show the transfer was made with the actual intent to hinder, delay, or defraud a creditor. *Wolkowitz v. Beverly (In re Beverly)*, 374 B.R. 221, 235 (9th Cir. BAP2007); See also *Benchmark Elecs. v. J.M. Huber Corp.* (2013) 343 F.3d 719, 724; *Davidson v. Sprout Foods*, 106 F.4th 842, 853 (9th Cir. 2024) (interpreting Rule 9(b) to require a plaintiff to plead who, what, where, when, and how). In the context of a claimed intentional fraudulent transfer, this requires a plaintiff to plead specific facts showing "actual intent to hinder, delay, or defraud any creditor of the debtor." *Opperman v. Path, Inc.*, 87 F.Supp.3d 1018, 1066 (N.D.Cal. May 14, 2014).

Here, there are insufficient allegations concerning both constructive and actual fraud. Plaintiff alleges that Defendant J. Jiang transferred the Property to Sino on April 8, 2024, attaching a copy of a grant deed. (FAC ¶ 83.) Plaintiff makes boilerplate allegations that Sino is a shell corporation and that it received no value at all for the transfer, and that the Jiangs were insolvent at the time. (FAC ¶¶ 94-86.) However, despite having accessed the property records, Plaintiff omitted the key fact that Sino held the Property starting from December 14, 2017, which was well before Plaintiff entered the loan agreement with the Borrower on January 31, 2018. (See <u>Exhibit A</u> to Defendant's Request for Judicial Notice.) The Property was transferred to J. Jiang on March 15, 2024, but that was for purposes of financing, and J. Jiang held it for less than one month before the Property was transferred back to Sino on April 8, 2024. (Defendant's RFJN at <u>Exhibits B and C</u>.) These transfers

and that it was to obtain financing from East West Bank is clear on the face of publicly available documents. (Defendant's RFJN at Exhibit D.)

Plaintiff alleges no facts showing the debtor was insolvent or became insolvent as a result of the brief trasnfer, that the transfer occurred shortly before or after the debt was incurred, or that the debtor removed or concealed any assets. Plaintiff simply fails to allege facts indicating the transfer was an attempt to hinder, delay, or defraud Plaintiff. All the facts point towards the transfer being nothing more than a routine financing requirement. These deficiencies render Plaintiff's claims against Defendant insufficiently pleaded and subject to dismissal.

**B. PLAINTIFF LACKS STANDING**

Standing is a fundamental prerequisite to obtaining any relief, equitable or otherwise, in federal courts. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum" for Article III standing requires any plaintiff to demonstrate he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).

Here, Defendant Sino was not party to the written agreement between Plaintiff and Borrower and not a party in the arbitration or named in the arbitration award. Defendant Sino is also not a guarantor of the alleged debt. Plaintiff's purported injury, which is non-payment of the debt owed by Borrower, is not fairly

traceable to Defendant Sino's routine transfer to Defendant J. Jiang as part of a financing requirement. "injury to the creditor must be shown affirmatively." *Mehrtash v. Mehrtash* (App. 2 Dist. 2001) 93 Cal.App.4th 75, 80.

Plaintiff's alleged injury is nonpayment by a non-party borrower/guarantors. The FAC does not plausibly tether that injury to Sino's short financing-related title change. Plaintiff pleads no facts showing that Sino received value without consideration, dissipated assets, or otherwise left any actual debtor unable to pay, traceability and redressability are missing as to Sino. In sum, Plaintiff fails to plead facts showing that it has standing to proceed against Defendant Sino.

**C. PLAINTIFF'S FIRST AMENDED COMPLAINT IS TIME BARRED AND PROCEDURALLY DEFECTIVE**

The Federal Arbitration Act sets out a three-year period during which a party to an arbitration may file a petition to confirm the award:

> **Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration.**

9 U.S.C. § 207. A claim may be dismissed under FRCP 12(b)(6) on the running of a statute of limitations when it is clear from the face of the complaint that the time period to file the claim has elapsed. *Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010).

Here, Plaintiff admits that the petition is untimely, but argues for equitable

tolling due to "Mr. Xu's diligent enforcement efforts in China (which were seriously stymied by COVID-19) and on account of the flight of Mr. Lai and Ms. Jiang, both being natives and citizens of China, to the United States to avoid paying their debt (including the Award and/or the Judgment), which Mr. Xu only recently discovered." (FAC ¶ 58.) However, Plaintiff alleges no actual facts to support these allegations. Plaintiff makes vague allegations concerning a "global search" conducted for Defendants P. Jiang and J. Jiang, and conclusory allegations that those defendants fled China to evade collection, but nothing more. (FAC ¶¶ 45-47.) Plaintiff does not allege any facts justifying the delay between the issuance of the arbitration award on August 16, 2019, and the filing of the instant action on March 24, 2025, a delay of 2,047 days or more than five years! These are "allegations that are merely conclusory, unwarranted deductions of fact" which the Court is not obligated to accept. *Seven Arts*, 733 F.3d at 1254.

It is also not clear that the three-year period under the New York Convention can even be tolled. The Ninth Circuit has held that the FAA is subject to equitable tolling when it comes to the three-month period to vacate, modify, or correct an award. See *Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d 1152, 1157–60 (9th Cir. 2016). However, other circuits have strictly applied § 207's three-year period for confirmation of a foreign award as mandatory and dismissed petitions to confirm as untimely or refused to toll for lack of diligence. See *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex*

*Centrala Navala*, 989 F.2d 572, 580-81 (2d Cir. 1993); see also *PT Rahajasa Media Internet v. Telecomm. & Informatics Fin. Provider & Mgmt. Ctr.*, No. 20-cv-11035, 2022 WL 970541 (S.D.N.Y. Mar. 31, 2022) (assuming § 207 can be tolled; denies tolling for lack of diligence); *BCB Holdings Ltd. v Gov't of Belize*, 110 F. Supp. 3d 233, 242 (D.D.C. 2015) (recognizing equitable tolling arguments under § 207 but finding them unmet); *Everplay Installation Inc. v. Guindon,* 471 Fed.Appx. 812, (10th Cir. 2012)(similar).

Plaintiff's assertion without any supporting factual allegations, that the individual defendants fled China to evade a judgment against them, is conclusory and stands in the face of the Customs and Border Protection visa records which show that these individuals remain in China and are not, and have never been, subject to service of process under California law.

Under the doctrine of equitable tolling, a litigant must demonstrate (1) diligence; and (2) some extraordinary circumstance preventing timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). Courts also consider whether equitable tolling furthers the interests of justice and does not prejudice the defendant. *Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d 1152, 1157 (9th Cir. 2016). A thorough examination of the cases in which tolling was permitted reveals extraordinary circumstances not present in the instant case. Equitable tolling does not excuse Plaintiff's decision to enforce the arbitration award in China, where he admits to already collecting a total of RMB

19,133,464, while waiting more than five years to file the instant action.

Since Plaintiff's claim for confirmation of the foreign award is time barred, there is no enforceable debt or obligation giving rise to Plaintiff's claims against Defendant Sino under Cal. Civ. Code § 3439.04. Without an enforceable claim and debt, Plaintiff is not a creditor under § 3439.01(c). "A fraudulent conveyance is a transfer by the debtor of property to a third person … to prevent a creditor from reaching that interest to satisfy its claim." *Yaesu Elecs. Corp. v. Tamura*, 28 Cal. App. 4th 8, 13 (1994). Therefore, because Plaintiff's claim for confirmation of the foreign award fails, so too must its claims against Defendant Sino.

Plaintiff may argue that in the alternative, the complaint was filed to enforce the Chinese judgment instead of arbitration award, which will not timely barred by the statute of limitation. However, Plaintiff would arguably have a shorter period of two years to bring its claims under California's Uniform Foreign-Country Money Judgments Recognition Act. See Cal. Code Civ. Proc. § 1721. Furthermore, Plaintiff attached a so-called Chinese judgment in this matter in its petition. Whether it is an actual judgment is a matter of interpretation of foreign law. FRCP Rule 44.1, "Determining Foreign Law," states:

> **A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a**

**question of law.**

To this end, Defendant retained Chinese litigation lawyer Xiang Lyu, an attorney with 38 years of litigation and arbitration experience in China to render his expert opinion about the Chinese law and Plaintiff's evidence styled "Judgment". He deemed the document as a Court enforcement ruling, namely, it is a writ of execution. Mr. Lyu described the document as not a judgment. A true correct copy of the legal opinion letter regarding the Chinese law is attached as Exhibit C. Based upon Mr. Lyu's legal opinion and the comparison of Chinese court preliminary trial judgment [chusheng] judgment, higher court final judgment [zhongsheng], and the Chinese court's enforcement ruling [zhi], since Plaintiff has the non-appealable arbitration award, Chinese courts directly enter enforcement rulings like the one Plaintiff has to enforce the arbitration award directly. Put simply, there is no enforceable Chinese court judgment. Thus, the Plaintiff's argument regarding enforcement of a Chinese court judgment fails. As a final note, Plaintiff's petition lacks a certified translation by a qualified interpreter as required by Article IV(2).

### D. PLAINTIFF FAILS TO STATE A CLAIM FOR PUNITIVE DAMAGES

Under Rule 12(b)(6), a Court may dismiss a complaint for failing to state a claim upon which relief may be granted. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). California authorizes punitive such damages where a defendant is guilty of

fraud, oppression, or malice. See Cal Civ Code § 3294. When a plaintiff seeks punitive damages against an entity, it must show that "an officer, director, or managing agent" engaged in, authorized, or ratified the conduct. *Id.* § 3294(b). "Malice" is conduct intended "to cause injury to the plaintiff" or "despicable conduct" carried out "with a willful and conscious disregard of the rights or safety of others." *Id.* § 3294(c)(1). "Oppression" is "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." *Id.* § 3294(c)(2). *Terpin v. AT And T Mobility LLC*, 118 F.4th 1102, 1112-13 (9th Cir. 2024) (affirming lower court's dismissal of claim for punitive damages.)

Here, Plaintiff fails to plead any facts showing that Defendant Sino's act of long-term ownership of the Property and brief transfer for financing purposes was done with malice, an intent to harm Plaintiff, or rose to the level of despicable conduct with a willful and conscious disregard of Plaintiff's rights and safety. *In re Tomkow*, 563 B.R. 716, 729 (9th Cir. BAP 2017); *In re Spielbauer*, No. 17-cv-03071-BLF, 2018 WL 1306274, at 6 (N.D. Cal. Mar. 13, 2018) (Under California law, intent to injure is prerequisite to punitive damages award for fraud.) As was the case in *Terpin v. AT And T Mobility LLC*, Plaintiff has failed to plead any claim for punitive damages against Defendant Sino.

## IV. CONCLUSION

Due to the foregoing points, Defendant Sino respectfully request the Court dismiss the First Amended Complaint against it.

DATED: October 10, 2025

KERNKAMP LAW APC

By: */s/ Christian Kernkamp*
Christian Kernkamp
Attorneys for Defendant Sino Fortune Group LLC

DATED: October 10, 2025

LAW OFFICES OF BIN LI, PLC

By: */s/ Bin Li*
Bin Li
Attorneys for Defendant Sino Fortune Group LLC